# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DARRELL HOCHHALTER #533622,  Petitioner,  v.  WARDEN KEVIN GENOVESE,  Respondent | NO. 3:19-01112  JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

The Court granted Petitioner leave to proceed on appeal in forma pauperis on January 13, 2021 (Doc. No. 32), and this matter is now pending on appeal in the United States Court of Appeals for the Sixth Circuit. Petitioner has nevertheless filed the following documents in this Court: a second Notice of Appeal, including an Application for Certificate of Appealability (COA) (Doc. No. 35-1); a Request for Appointment of Counsel (Doc. No. 33); and a Motion to Amend Habeas Corpus Grounds (Doc. No. 34).

The Court has already denied Petitioner a COA in this case and advised him that he is free to seek a COA directly from the Sixth Circuit. (Doc. No. 25 at 1–2). Petitioner's request for a COA (Doc. No. 35-1) is therefore **DENIED** as moot and for the reasons set forth in the Court's previous ruling.

Petitioner's motion to appoint counsel to represent him on appeal (Doc. No. 33) is unsigned and therefore in violation of Rule 11 of the Federal Rules of Civil Procedure. Moreover, this Court has already denied relief to Petitioner, and the Sixth Circuit has the authority to govern the proceedings before it, including the appointment of counsel if it deems such action necessary.

Accordingly, this motion is **DENIED** without prejudice to Petitioner's ability to seek appointment from the Sixth Circuit.

Finally, Petitioner seeks to amend his habeas petition to re-state three claims: (1) insufficiency of the evidence to support his convictions; (2) ineffective assistance of counsel; and (3) actual innocence. (Doc. No. 34). But the Court already denied relief on those claims in its ruling of November 3, 2020, from which Petitioner has filed an appeal. (Doc. Nos. 24–26, 35). Once an appeal is filed, this Court lacks jurisdiction to take any action that would affect the merits of the case on appeal. *Workman v. Tate*, 958 F.2d 164, 168 (6th Cir. 1992). Petitioner's motion to amend is therefore **DENIED** for lack of jurisdiction.

Alternatively, the Court would deny the motion to amend on the basis that Petitioner was already granted one amendment and an oversized reply (*see* Doc. Nos. 10, 15, 21–23) and has not demonstrated any good cause for a further amendment six months after the case was fully briefed and almost three months after the Court's final ruling. Amendments after judgment should be permitted only where the moving party can "shoulder a heavier burden" and "meet the requirements for reopening a case established by Rule 59 or 60" of the Federal Rules of Civil Procedure. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010). Petitioner's motion to amend is not accompanied by a motion for relief under either of those rules. It is too late to be considered under Rule 59. *See* Fed. R. Civ. P. 59(e) (providing 28-day deadline to move to alter or amend judgment). And the basis for his motion—that he "has continued to study the cases that impact his Habeas Corpus petition and believes he can state them in a manner that would be easier for the state and this court to address"—does not satisfy any of the grounds for extraordinary relief under Rule 60. *See* Fed. R. Civ. P. 60(b). This Court had no difficulty understanding or addressing Petitioner's issues and did so thoroughly in a 50-page

memorandum opinion. (Doc. No. 24). The Court sees no reason to permit re-litigation of those issues.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE